# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SAMER ABDULRAZZAQ MOHAMMED, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 17-cv-2660 (RC) |
| | : | | |
| v. | : | Re Document No.: | 11 |
| | : | | |
| JEFFERSON B. SESSIONS, III, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

## I. INTRODUCTION

Plaintiffs Samer Abdulrazzaq Mohammed and his family have brought this lawsuit under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, to challenge the denial of their application for refugee resettlement in the United States under Section 207 of the Immigration and Naturalization Act, 8 U.S.C. § 1157. Defendants now move to dismiss for lack of subject matter jurisdiction and failure to state a claim, arguing that the claims are non-justiciable and barred by longstanding principles of nonreviewability of visa denials. Because it lacks jurisdiction to review discretionary denials of refugee resettlement applications, the Court grants the motion to dismiss.

## II. BACKGROUND

Plaintiff Samer Abdulrazzaq Mohammed ("Mohammed") is an Iraqi national who lives in Baghdad with the four other plaintiffs in this case, his wife Hanan Hasan Salih and his three sons Mohammed Samer Abdulrazzaq, Ali Samer Abdulrazzaq, and Husain Samer Abdulrazzaq. *See* 2014 Request for Review Supporting Docs., Compl. Ex. 3, at 10–14, ECF No. 1-3; 2017

Marwa Samer Abdulrazzaq Letter, Compl. Ex. 7, at 1, ECF No. 1-7; 2017 Request for Review, Compl. Ex. 8, at 2, ECF No. 1-8. Mohammed is an engineer by profession. *See* 2014 Request for Review, Compl. Ex. 2, at 1, ECF No. 1-2. Between 2004 and 2009, Mohammed worked as a subcontractor on a number of projects in the International Zone in Baghdad, including at the United States Embassy. *Id.* at 2. As a result of his work in the International Zone, Mohammed was targeted for reprisals and forced to relocate multiple times between 2006 and 2009, including moving to Syria for two years between 2006 and 2008 after armed militia ransacked his home and threatened his family's life in July 2006. *See id.* at 2–4.

In 2009, Mohammed and his family applied for refugee resettlement in the United States through the U.S. Refugee Admissions Program. *Id.* at 1. Under Section § 207 of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1157, the admission of refugees is committed to the discretion of the Secretary of the Department of Homeland Security. *See* 8 U.S.C. § 1157(c)(1); 6 U.S.C. § 557. On July 9, 2014, the U.S. Citizenship and Immigration Services ("USCIS") issued Mohammed a notice of ineligibility for resettlement. Notice of Ineligibility, Compl. Ex. 1, at 1, ECF No. 1-1. The notice explained that Mohammed and his family's application for refugee resettlement under § 207 of the INA had "been denied as a matter of discretion for security-related reasons." *Id.* at 2.

The same month, Mohammed filed a request for review of the denial, attaching a number of documents in support. Compl. at 5; *see generally* 2014 Request for Review; 2014 Request for Review Supporting Docs. While there is no formal mechanism for review of refugee resettlement applications, *see* 8 U.S.C. § 1157; 8 C.F.R. § 207.4 ("There is no appeal from a denial of refugee status under this chapter"), USCIS considers informal requests for review of such denials in its discretion, *see* Defs.' Mem. Supp. Mot. Dismiss 3, ECF No. 11. In this case,

2

USCIS responded to the request for review in June 2015, upholding the denial because the request for review "did not contain any new information or an allegation of error in the adjudication of [Mohammed's] claim." June 11, 2015 Request for Review Response, Compl. Ex. 4, at 1, ECF No. 1-4. Mohammed filed a renewed request for review in August 2015, which was denied in February 2017. 2017 Request for Review at 1. And finally, Mohammed submitted a final request for review in April 2017, Compl. at 6; 2017 Request for Review, which was denied by USCIS in September 2017, Compl. at 6.

On December 12, 2017, Mohammed and his family brought suit against various U.S. government officials, alleging that the denial of the family's refugee resettlement application was an arbitrary and capricious decision in violation of the Administrative Procedure Act ("APA"). Compl. at 2–3. On June 15, 2018, Defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* Defs.' Mot. Dismiss at 1, ECF No. 11. Plaintiffs filed their opposition on August 6, 2018, Pls.' Mem. Opp'n Mot. Dismiss at 1, ECF No. 14, and Defendants filed their reply on August 17, 2018, Defs.' Reply at 1, ECF No. 16. The motion to dismiss is now ripe for consideration.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and it is generally presumed that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, it is imperative that this Court "begin, and end," with an examination of its jurisdiction. *Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004).

It is the plaintiff's burden to establish that the court has subject matter jurisdiction over his or her claims. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). In determining whether the plaintiff has met this burden, a court must accept "the allegations of the complaint as true," *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015), and "construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged[,]" *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (internal quotation marks omitted). However, "the plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001).

## IV. ANALYSIS

Plaintiffs challenge the discretionary denial of their refugee resettlement application pursuant to 8 U.S.C. § 1157(c)(1). They bring this challenge under § 702 of the APA, arguing that the denial caused a legal wrong that entitles them to judicial review. Compl. at 3 (citing 5 U.S.C. § 702). Defendants argue that the Court does not have jurisdiction over Plaintiffs' APA claims because the INA expressly divested courts of jurisdiction over discretionary decisions like refugee resettlement denials. Defs.' Mem. Supp. at 6. The Court agrees with Defendants, and accordingly grants the motion to dismiss.

"The APA confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984) (quoting 5 U.S.C. § 702). However, the APA "withdraws that cause of action to the extent the relevant statute 'preclude[s] judicial review.'" *Id.* (alteration in original) (quoting 5 U.S.C. § 701(a)(1)). And the INA includes such a restriction on judicial

4

review: it provides that "any . . . decision or action of . . . the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the . . . . Secretary of Homeland Security" is not subject to judicial review by federal courts. 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1252 only includes a limited exception for review of constitutional claims or questions of law brought in a petition for review of a final removal order in a court of appeals. *Id.* § 1252(a)(2)(D).

The section of the INA pursuant to which Plaintiffs submitted their refugee resettlement application provides that the Secretary of Homeland Security "may, in the [Secretary's] discretion and pursuant to such regulation as the [Secretary] may prescribe, admit any refugee who is not firmly resettled in any foreign country, is determined to be of special humanitarian concern to the United States, and is admissible . . . as an immigrant." 8 U.S.C. § 1157(c)(1).[1] Defendants accordingly argue that the jurisdiction-stripping provisions of § 1252(a)(2)(B)(ii) foreclose any judicial review of Plaintiffs' claims, when Mohammed and his family are not petitioning for review of a final removal order before a court of appeals. *See* Defs.' Mem. Supp. at 6 & n.3. Defendants point out that the Supreme Court has specifically identified refugee admission decisions as a type of "decision[] specified by statute to be in the discretion of the attorney General, and therefore shielded from court oversight by § 1252(a)(2)(B)(ii)." *Id.* at 6 (quoting *Kucana v. Holder*, 558 U.S. 233, 248 (2010)). The Court agrees.

Plaintiffs argue that the claims are reviewable because the fact that "the Secretary of Homeland Security has the ultimate discretionary authority to issue a decision in particular cases,

---

[1] The text of 8 U.S.C. § 1157 leaves the admission of refugees to the discretion of the Attorney General. However, authority over refugee admission was transferred to the Secretary of Homeland Security after the passage of the Homeland Security Act of 2002. *See* Pub. L. No. 107-296, §§ 451, 1517, 116 Stat. 2135, 2196, 2311 (codified as amended at 6 U.S.C. §§ 271, 557).

5

does not mean that every determination is discretionary, and hence not subject to review." Pls.' Mem. Opp'n at 6 (citing *Mejia Rodriguez v. Dep't of Homeland Sec.*, 562 F.3d 1137 (11th Cir. 2009)). Plaintiffs contend that absent additional language rendering the Secretary of Homeland Security's determination fully within her discretion, a grant of authority to the Secretary to make a determination is not "specified to be in [her] discretion" under § 1252(a)(2)(B)(ii) and is thus reviewable by Courts. *Id.* (citing *Alaka v. Attorney General*, 456 F.3d 88, 95–96 (3d Cir. 2006); *Nethagani v. Mukasey*, 532 F.3d 150, 154–55 (2d Cir. 2008)). Separately, Plaintiffs also argue that the APA provides for the review of agency actions that are arbitrary, capricious, or an abuse of discretion. *Id.* at 7 (citing 5 U.S.C. § 706(2)(A)). Plaintiffs' arguments are unavailing.

Plaintiffs are undoubtedly correct that a statutory grant of authority to the Secretary of Homeland Security to make a determination in the INA is not alone enough for that determination to be "specified . . . to be in [her] discretion," 8 U.S.C. § 1252(a)(2)(B)(ii), and thus unreviewable. Courts reviewing claims alleged to be foreclosed by § 1252(a)(2)(B)(ii) have generally found that "the provision only applies to the 'narrower category of decisions where Congress has taken the additional step to specify that the sole authority for the action is in the [Secretary]'s discretion.'" *Liu v. Novak*, 509 F. Supp. 2d 1, 7 (D.D.C. 2007) (quoting *Alaka*, 456 F.3d at 95).

Courts have thus refused to apply the jurisdictional bar in two sets of circumstances. First, courts have entertained claims under sections of the INA that do not *expressly* provide for agency discretion. *See, e.g.*, *Alaka*, 456 F.3d at 101–02 (finding that grant of authority to "decide" and "determin[e]" whether alien should benefit from withholding of removal under 8 U.S.C. § 1231(b)(3) did not specify discretion to the Attorney General, and thus that decision to deny withholding of removal was not unreviewable under § 1252(a)(2)(B)(ii)). And second,

6

even when a section of the INA provides that the ultimate decision is in the executive's discretion, courts have considered claims relating to statutory eligibility for relief, which is often a precursor for the ultimate discretionary decision. *See, e.g.*, *Mejia Rodriguez*, 562 F.3d at 1143–44 (noting that while ultimate decision to grant temporary protected status was discretionary, "the director of USCIS is required to make many decisions based on his legal interpretation of an alien's statutory eligibility . . . before exercising his discretionary authority," and review of those statutory eligibility decisions was not precluded by § 1252(a)(2)(B)(ii)).

However, neither circumstance is at issue here. § 1157(c)(1) leaves the admissibility of refugees to "the [Secretary of Homeland Security's] discretion." 8 U.S.C. § 1157(c)(1). Courts to have reviewed the issue have also indicated that Congress expressly provided for agency discretion in § 1157(c)(1). *See, e.g.*, *Kucana v. Holder*, 558 U.S. 233, 248 (2010) (pointing to § 1157(c)(1) as an example of a "decision[] specified by statute 'to be in the discretion of the Attorney General,' and therefore shielded from court oversight" (quoting 8 U.S.C. § 1252(a)(2)(B)(ii))); *Bernardo ex rel. M & K Eng'g, Inc. v. Johnson*, 814 F.3d 481, 501 (1st Cir. 2016) (Lipez, J., dissenting) (same); *Alaka*, 456 F.3d at 97 n.17; *Doe v. Trump*, 288 F. Supp. 3d 1045, 1071 (W.D. Wash. 2017) (same). As Defendants note, Defs.' Reply at 2, and as recognized by these courts, the language of § 1157(c)(1) clearly invokes the jurisdiction-stripping provision of § 1252(a)(2)(B)(ii).

And this case is not one where Plaintiffs ask for review of a statutory eligibility determination or of another non-discretionary decision, as the plaintiff did in *Mejia Rodriguez*. Neither are Plaintiffs challenging the government's failure to act. *Cf. Doe*, 288 F. Supp. 3d at 1071–72 (contrasting plaintiffs' claims that the Secretary of Homeland Security "fail[ed] to act on refugee applications" with circumstances where a plaintiff would "challeng[e] a denial of

7

refugee admission," and noting that pursuant to § 1157(c)(1), "the Secretary may have discretion over what the decision will be, but not over whether a decision will be made"). Here, Plaintiffs ask this Court to reverse "the wrongful denial of [their] Applications for Refugee Resettlement in the U.S. 'as a matter of discretion for security related reasons.'" Compl. at 2–3 (quoting Notice of Ineligibility at 2). They specifically request that this Court "[o]rder Defendants to reopen and approve Plaintiffs' Applications and issue the corresponding visas to . . . Plaintiffs." *Id.* at 7–8. The jurisdiction-stripping provision of § 1252(a)(2)(B)(ii) bars the review of that discretionary decision.

Finally, the APA's section providing for reviewability of agency action that is arbitrary, capricious, or contrary to law cannot save Plaintiffs' claims. Plaintiffs argue that "Defendants' argument that the Court lacks jurisdiction . . . ignores the issue of a decision found to be arbitrary and capricious, and an abuse of agency discretion" pursuant to 5 U.S.C. 706(2)(A). Pls.' Mem. Opp'n at 5. But § 706(2)(A) only applies if the Court has subject matter jurisdiction to consider Plaintiffs' APA claims. As discussed above, because 5 U.S.C. § 701 provides that the APA does not apply when a statute otherwise precludes jurisdiction, and because the INA does preclude review of refugee resettlement denials, the Court does not have subject matter jurisdiction under the APA and thus cannot consider Plaintiffs' arguments under § 706(2)(A).

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 11) is **GRANTED**, and this case is **DISMISSED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: January 16, 2019                           RUDOLPH CONTRERAS
  &nbsn;                                                United States District Judge